J-A29022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RHONDA LYNN MUNKO | : | |
| | : | |
| Appellant | : | No. 450 WDA 2022 |

Appeal from the Judgment of Sentence Entered February 9, 2022
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002441-2017

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 3, 2023**

Appellant, Rhonda Lynn Munko, appeals from the February 9, 2022 judgment of sentence entered in the Court of Common Pleas of Allegheny County, imposing an aggregate sentence of two to four days' incarceration and a concurrent six months' probation, after the trial court, in a non-jury trial, convicted Appellant of, *inter alia*, driving under the influence of alcohol or controlled substance ("DUI") – high rate of alcohol (Count 1).[1]  We affirm.

The trial court summarized the factual and procedural history as follows:

> The evidence adduced at [the non-jury] trial established that on December 7, 2016, Officer Brian Kocian [("Officer Kocian")] was

_____

[1] 75 Pa.C.S.A. § 3802(b).  Appellant was also convicted of two counts of DUI – general impairment (Counts 2 and 3), as well as the summary offenses of driving on roadways laned for traffic – driving within single lane and careless driving.  75 Pa.C.S.A. §§ 3802(a)(1), 3309(1), and 3714(a), respectively.  Appellant was found not guilty of driving vehicle at safe speed. 75 Pa.C.S.A. § 3361.

called to a vehicle accident on private property located [in Oakdale, Pennsylvania]. At the time, Officer Kocian was a twelve-year veteran employed with the North Fayette Township Police Department. The call came from the property owner at approximately 8:17 p.m.[,] and Officer Kocian arrived at 8:21 p.m. [Officer Kocian] described that it was dark outside and that he observed a vehicle over an embankment. The subsequent accident investigation determined that the vehicle was driving northbound on the roadway at which time [the driver] failed to negotiate a left turn, instead continuing to the right, striking a telephone pole, traveling over the property owner's driveway whereafter [the vehicle] struck multiple trees before coming to rest at the bottom of an embankment. As Officer Kocian began to approach the disabled vehicle, a male [individual] was walking up the [embankment]. He displayed signs of intoxication and informed Officer Kocian that he was a passenger in the vehicle and that the driver was still inside the [vehicle].

As Officer Kocian approached the vehicle[,] he observed heavy damage to the entire passenger side [of the vehicle]. Appellant was in the driver's seat [of the vehicle] wearing a seatbelt, however, Officer Kocian could not recall whether [the] fact she was belted into the seat was based on his own observation or a statement from Appellant. Appellant was coherent, offering to Officer Kocian that she was the driver of the vehicle and was unfamiliar with the area, and that prior to the accident she had been in a verbal argument with [the male individual]. Officer Kocian testified that he observed signs of alcohol impairment consistent with his training and experience with investigating [DUI] incidents. These signs included: bloodshot eyes, slurred speech, [detecting] an odor of alcohol from [the suspect's] breath, and [observing the suspect having] difficulty formulating answers to his questions. Appellant complained of knee pain, and Officer Kocian observed that her knees were close to the steering column [of the vehicle]. Appellant removed herself from the vehicle[,] and Officer Kocian assisted her up the [embankment]. When asked if she [] consumed any alcohol[,] Appellant initially stated she had two drinks, later modifying the number to three. Paramedics called to the scene transported Appellant to a local hospital. As it was an active DUI investigation, Officer Kocian followed Appellant to the hospital for the purpose of requesting a blood draw. At approximately 9:13 p.m., Officer Kocian located Appellant at the hospital at which time she stated she was not the driver and that [the male individual] had[,] in fact[,] been driving

the vehicle. After Officer Kocian read the blood draw consent form (DL-26B) to her, Appellant consented to the [blood] draw which occurred at 9:53 p.m. Subsequent testing revealed a blood alcohol content (["BAC"]) of [0].139 percent. It was later determined that Appellant was the registered owner of the vehicle.

Based on events that occurred on December 7, 2016, Appellant was charged with the [aforementioned] offenses. On September 19, 2017, a bench warrant was issued for Appellant after she failed to appear for trial on the previous day. The warrant was cleared on October 19, 2021. Appellant proceeded to a non[-]jury [trial] on January 21, 2022, resulting in the convictions referenced [*supra*]. On February 9, 2022, the [trial] court conducted a sentencing hearing whereafter Appellant was sentenced at Count 1 [] to [two] to [four] days[' incarceration] and a concurrent six-month period of probation, with permission to serve the incarceration portion of her sentence in the DUI Alternative to Jail program. No sentence was imposed at Counts 2 and 3, which merged with Count 1 [for purpose of sentencing]. A $25.00 fine was imposed at each summary [offense] conviction. Appellant was permitted a comply date of May 13, 2022[,] for the incarceration portion of her sentence.

On February 17, 2022, Appellant filed a timely post[-]sentence motion seeking a new trial based on a claim that the verdict was against the weight of the evidence. [The trial court denied] this motion [] on March 22, 2022. On February 19, 2022, Appellant filed an application to stay [her] sentence pending appeal[,] which [the trial court] granted on March 22, 2022.

Trial Court Opinion, 7/13/22, at 3-5 (footnotes, record citations, and extraneous capitalization omitted; paragraph formatting modified). This appeal followed.[2]

Appellant raises the following issue for our review:

Where credible testimony was presented that [Appellant] was not the driver [of the vehicle involved in the incident] and the physical evidence corroborated such testimony, whether the trial court

_____

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

abused its discretion in denying [Appellant's] post-sentence motion for a new trial based on the weight of the evidence?

Appellant's Brief at 5 (formatting and extraneous capitalization omitted).

Appellant's issue raises a claim that the verdict was against the weight of the evidence, for which our standard and scope of review is as follows:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial [court] had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial [court] when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa. Super. 2014), *citing Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000). A trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias[,] or ill-will." *Horne*, 89 A.3d at 285-286 (citation omitted); *see also Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (stating, "[t]he term 'discretion' imports the exercise of judgment, wisdom[,] and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the [trial court]"). For an appellant to prevail on a weight of the evidence claim, "the evidence must be so tenuous, vague[,] and uncertain that the verdict shocks

the conscience of the [trial] court." ***Commonwealth v. Sullivan***, 820 A.2d 795, 806 (Pa. Super. 2003) (citation and internal quotation marks omitted), *appeal denied*, 833 A.2d 143 (Pa. 2003).

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable [or] contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Bowen***, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013).

Here, Appellant challenges the weight of the evidence to support her aforementioned convictions, asserting that both her trial testimony, as well as the evidence presented at trial of the injuries she sustained in the accident, demonstrated she was not the driver of the vehicle. Appellant's Brief at 12-15. Appellant argues that the trial court "made much of the fact that Officer Kocian observed [Appellant] in the driver's seat [of the vehicle] and [Appellant] initially told [Officer Kocian] that she was the driver." ***Id.*** at 15. Appellant contends that, while she initially informed Officer Kocian that she was the driver of the vehicle, she did so because she feared the male individual, who was present at the investigation scene. ***Id.*** at 13-14. Appellant further contends that she later told the emergency medical technician ("EMT"), who was with her during the ambulance transport to the hospital, and Officer Kocian, at the hospital, that she was not the driver of the vehicle once she no longer felt threatened by the male individual. ***Id.*** at 14-15. Appellant also

asserts the evidence of her wrist and knee injuries, sustained as a result of the accident, "was consistent with sitting in the passenger seat" rather than sitting in the driver's seat of the vehicle. *Id.* at 14.

In denying Appellant's post-sentence motion challenging the weight of the evidence to support her convictions, the trial court explained,

> As evidenced by Appellant's claim and the record, it is uncontested that on December 7, 2016[,] Appellant consumed alcohol, exhibited signs of intoxication, had a BAC of [0].139% within two hours of the accident, and was located in the driver's seat [of the vehicle] when Officer Kocian approached the vehicle. Thus, the only contested element of the DUI [convictions] was whether Appellant was driving, operating, or in actual physical control of the vehicle at the time of the accident.
>
> Simply put, the [trial] court did not find Appellant's testimony credible in light of her changing statements to police during the course of the DUI investigation and the Commonwealth's evidence. Appellant changed her statements regarding two facts[:] the amount of alcohol consumed and operating the vehicle. Appellant first informed law enforcement that she had two alcoholic drinks when questioned, and then later modified it to three. Additionally, she admitted to driving the [vehicle], then later den[ied] the same when it became clear that a blood draw [would be] requested. The [trial] court found the explanation for her contrary statements to be unbelievable in light of the Commonwealth's testimonial evidence from Officer Kocian and [the EMT], which the [trial] court deemed credible.
>
> As reflected by the record, the majority of Officer Kocian's testimony was uncontested by Appellant. Moreover, Officer Kocian's testimony regarding the physical state of Appellant was supported by [the EMT's] testimony.
>
> Collectively the evidence established that Appellant was operating the vehicle when the accident occurred on December 7, 2016. Within minutes of the 911 [emergency] call[,] Appellant was observed in the driver's seat, in a [vehicle] registered to her, that she admitted to driving. Officer Kocian's inability to recall the source for the notation in his report regarding Appellant wearing

- 6 -

a seat belt did not impact his credibility.  The four-year lapse of time between the offense date and [the non-jury] trial was attributable to Appellant's failure to appear for her trial scheduled on September 18, 2017.  Officer Kocian identified how [the] information [of Appellant wearing a seat belt] would have been sourced, *i.e.*[,] his own observation or from Appellant herself. Thus, it is reasonable that, absent a specific notation in his report, he would not recall the origin of this one fact.  He was unequivocal in his testimony that Appellant was belted into the driver's seat [of the vehicle,] and the [trial] court does not deem this inability to identify the source of the information as a reason to discredit this portion of his testimony.

As the remaining elements related to her level of impairment and BAC are neither contested [nor] implicated by [Appellant's weight of the evidence] claim[,] the [aforementioned] convictions are not so contrary to the evidence that it shocks one's sense of justice[.]

Trial Court Opinion, 7/13/22, at 8-9 (extraneous capitalization omitted).

Critical to finding Appellant guilty of the aforementioned criminal offenses and subsequently denying Appellant's post-sentence motion raising a weight of the evidence claim, was the trial court's determination of witness credibility.  Here, the trial court considered the credibility of the witnesses and explained its rationale for finding the testimony of Officer Kocian and the EMT credible.  ***Id.***; ***see also*** N.T., 1/21/22, at 63-64.  In particular, the trial court found Officer Kocian's testimony regarding Appellant's physical state when he first encountered her at the accident scene – Appellant was discovered in the driver's seat of the vehicle, the vehicle was registered to Appellant, and Appellant admitted to being the driver – to be credible, supported by the testimony of the EMT, and largely uncontradicted by Appellant.  Trial Court Opinion, 7/13/22, at 9; ***see also*** N.T., 1/21/22, at 64.  The trial court further explained the reasons it found Appellant's contradictory testimony – first

stating she was not the driver of the vehicle then explaining why she falsely told Officer Kocian she was the driver - was not credible. Trial Court Opinion, 7/13/22, at 8-9; *see also* N.T., 1/21/22, at 63-64. In addition to changing her statement to Officer Kocian concerning the number of alcoholic beverages she consumed prior to the accident, the trial court found Appellant informed the EMT that she was not the driver of the vehicle after she learned that a blood draw would be performed as part of a DUI investigation and that she was enroute to the hospital for that purpose. Trial Court Opinion, 7/13/22, at 9; *see also* N.T., 1/21/22, at 64 (stating, Appellant's statement she was not the driver of the vehicle can be looked upon "with some degree of caution because [she has] a vital interest in the outcome of the proceedings"). Appellant's assertion that the trial court erred by denying her weight claim based upon her testimony and the physical evidence of her injuries invites this Court to do nothing more than reassess the witnesses' credibility and reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the trial court, as fact-finder. We decline Appellant's invitation since the fact-finder, while passing on the credibility of the witnesses and weight of the evidence, is free to believe all, part, or none of the evidence. *Commonwealth v. Dunkins*, 229 A.3d 622, 631 (Pa. Super. 2020), *aff'd*, 263 A.3d 247 (Pa. 2021), *cert. denied*, 142 S.Ct. 1679 (2022). Based upon our review of the record and the trial court's rationale for denying Appellant's post-sentence motion raising a weight of the evidence claim, we discern no

error of law or abuse of discretion in the trial court's determination that the verdict was not against the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2023